■ COMMISSIONERS OF THE STATE INSURANCE FUND et al., Appellants, v HERMITAGE INSURANCE COMPANY et al., Respondents. [640 NYS2d 137]

The defendant Frank Tricarico, the sole stockholder and operating officer of the defendant Frank Tricarico Contractors, Inc. (hereinafter FTC), filed with the plaintiff State Insurance Fund (hereinafter the SIF) an election to be excluded from coverage under New York State Workers' Compensation Law. Shortly thereafter, he was injured in a job-related accident, when he was hit with a backhoe that was sold and repaired by

B & B Equipment Co., Inc. (hereinafter B & B). In the underlying action, Frank Tricarico and his wife sued B & B to recover damages they suffered as a result of the accident. B & B impleaded FTC and Gerry Garganious (the operator of the backhoe). The third-party complaint alleged that Frank Tricarico was injured while engaged in the performance of his work with FTC. Hermitage Insurance Company (hereinafter Hermitage) issued a general liability policy to FTC and upon being notified of the third-party complaint filed by B & B disclaimed coverage on the ground that its policy did not cover injuries to an employee of the insured arising out of or in the course of employment. The SIF assumed the defense of FTC, pursuant to their Workers' Compensation and Employers' Liability Insurance contract, which required the SIF to defend FTC in personal injury actions by FTC's employees.

Meanwhile, Frank Tricarico had applied for Workers' Compensation benefits. After a hearing, the Workers' Compensation Board ruled that because he had executed an election to exclude himself from coverage, he was precluded from claiming benefits.

Thereafter, Frank Tricarico served an amended complaint in the underlying action in which he specifically alleged that he was president and sole shareholder of FTC and not an employee of the corporation. Shortly after receiving notice of the amended complaint, the SIF informed Frank Tricarico's attorney that its defense of FTC was predicated on Frank Tricarico being an injured worker entitled to workers' compensation benefits and that if the allegation that he was not an employee of the corporation were true, the SIF would have no duty to defend or indemnify FTC in the litigation.

The SIF subsequently commenced this action for a declaration as to whether it must continue to defend and indemnify FTC in the underlying action. The SIF moved for summary judgment, *inter alia,* to declare that it was not obligated to defend or indemnify FTC in the underlying action, that Hermitage was obligated to defend and indemnify FTC, and that Hermitage was obligated to reimburse the SIF for money it had expended in defending FTC. Hermitage cross moved for summary judgment, *inter alia,* to declare that it was not obligated to defend or indemnify FTC, that it was not obligated to reimburse the SIF for the expenses of defending FTC, and that the SIF was obligated to defend and indemnify FTC.

The Supreme Court denied the SIF's motion and granted the defendant Hermitage's cross motion declaring that the SIF was obligated to defend and indemnify FTC in the underlying

action. The court held that SIF did not timely disclaim coverage, and that, therefore, it was required to defend and indemnify FTC in the underlying action. We disagree.

SIF's workers' compensation policy with FTC provided coverage only for those situations in which an employee of the corporation was injured. Frank Tricarico was not an employee of FTC. Thus, since the insurance policy at issue does not provide coverage for the liability in question, the failure to disclaim cannot otherwise create such coverage (see, Zappone v Home Ins. Co., 55 NY2d 131; Matter of Government Empls. Ins. Co. v Hehl, 203 AD2d 570; National Gen. Ins. Co. v Hartford Acc. & Indem. Co., 196 AD2d 414).

Accordingly, the SIF is entitled to summary judgment to the extent of declaring that it has no duty to indemnify and defend FTC or to continue to pay the legal fees of Farley, Holohan, Wagner & Doman in the underlying action. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.