■ EVAN GEWIRTZ, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. [672 NYS2d 807] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), dated June 4, 1997, which upon denying his motion for summary judgment and granting the defendants' cross motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendants' cross motion for summary judgment. The defendants' insurance policies contained unambiguous language which excluded the vehicle involved in the accident from coverage (*see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Government Empls. Ins. Co. v Kligler,* 42 NY2d 863; *Creech v Knitter,* 88 AD2d 985, *affd* 57 NY2d 712). Further, since the vehicle was not covered under the policies, the defendants did not have a duty to deny coverage under Insurance Law § 3420 (d) (*see, Zappone v Home Ins. Co., supra; Commissioners of State Ins. Fund v Hermitage Ins. Co.,* 225 AD2d 649; *Matter of Government Empls. Ins. Co. v Hehl,* 203 AD2d 570).

In light of our determination, we need not reach the

plaintiff's remaining contentions. Rosenblatt, J. P., Ritter, Krausman and Luciano, JJ., concur.