NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent, v T.C. CONCRETE CONSTRUCTION, INC., et al., Appellants, et al., Defendants. [843 NYS2d 877]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (John V. Centra, J.), entered October 3, 2006 in a declaratory judgment action. The judgment, among other things, declared that plaintiff does not have a duty to indemnify defendants T.C. Concrete Construction, Inc. and Timothy J. Cummings for attorneys' fees incurred in defending the underlying action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the second decretal paragraph and directing plaintiff to

reimburse defendants T.C. Concrete Construction, Inc. and Timothy J. Cummings for their attorneys' fees and costs incurred in their defense of the declaratory judgment action and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking a declaration that it is not obligated to defend or indemnify defendants in the underlying personal injury action because they failed to provide timely notice of the accident, loss or claim as required by the insurance policy issued by plaintiff to defendant T.C. Concrete Construction, Inc. (T.C. Concrete). T.C. Concrete and defendant Timothy J. Cummings (collectively, defendants) appeal from a judgment that, inter alia, declared that plaintiff does not have a duty to indemnify them for attorneys' fees incurred in defending the underlying action. We conclude that Supreme Court erred in determining that this declaratory judgment action was dismissed pursuant to a stipulation entered into by T.C. Concrete's attorney in the underlying action. Pursuant to the terms of that stipulation, the parties in the underlying action entered into a binding arbitration agreement, and T.C. Concrete's attorney also stipulated that the declaratory judgment action would be dismissed. It is well settled that "a stipulation is generally binding on parties that have legal capacity to negotiate" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *see also* CPLR 2104). T.C. Concrete's attorney in the underlying action erred in representing to the court in the underlying action that he had legal capacity to negotiate dismissal of the declaratory judgment action. He was not the attorney for any party in the declaratory judgment action, and thus his stipulation is not binding on the parties in the declaratory judgment action.

Nevertheless, we conclude that plaintiff waived its right to disclaim coverage with respect to the underlying action inasmuch as it implicitly conceded coverage by its conduct in the underlying action, i.e., by participating in the binding arbitration, defending T.C. Concrete in the arbitration, and indemnifying T.C. Concrete in accordance with the determination in the arbitration (*see Government Empls. Ins. Co. v Cusi*, 163 AD2d 918 [1990]; *see generally Meutsch v Travelers Ins. Co.*, 206 AD2d 953, 955 [1993]). It is well settled that "an insurer's responsibility to defend reaches the defense of *any* actions arising out of the occurrence," and defense expenses are recoverable by the insured, including those incurred in defending against an insurer seeking to avoid coverage for a particular claim (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3

NY3d 592, 597-598 [2004]; *United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.*, 277 AD2d 1026; *U.S. Liab. Ins. Co. v Staten Is. Hosp.*, 162 AD2d 445, 447 [1990]). An insurer's obligation to pay attorneys' fees and costs in connection with a declaratory judgment action is incidental to the insurer's contractual duty to defend (*see U.S. Underwriters Ins. Co.*, 3 NY3d 592, 597-598 [2004]; *see also Mighty Midgets*, 47 NY2d at 21; *United States Fid. & Guar. Co.*, 277 AD2d 1026).

We thus conclude that, based upon plaintiff's implied concession of coverage, defendants are entitled to recover on their counterclaim seeking reimbursement for their attorneys' fees and costs incurred in their defense of this action. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees and costs incurred. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.