■ RICHMOND FARMS DAIRY, LLC, et al., Respondents, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant-Respondent, ERIE AND NIAGARA INSURANCE ASSOCIATION, Respondent, and SUSAN MILLER et al., Respondents-Appellants. LORRAINE RICHARDSON, Third-Party Plaintiff-Respondent, v CHERRY VALLEY COOPERATIVE INSURANCE COMPANY, Third-Party Defendant-Appellant. [875 NYS2d 681]—

Appeals and cross appeals from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered January 25, 2008 in a declaratory judgment action. The judgment, among other things, granted in part the motion of defendant National Grange Mutual Insurance Company for summary judgment and granted in part the cross motions of defendant Susan Miller and defendant-third-party plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating in its entirety the declaration in the second decretal paragraph and granting judgment in favor of defendant National Grange Mutual Insurance Company as follows:

"It is ADJUDGED and DECLARED that defendant National Grange Mutual Insurance Company is not obligated to defend or indemnify defendant-third-party plaintiff in the underlying actions under the business automobile insurance policy issued to plaintiff Richmond Farms Dairy, LLC, and by vacating the declaration in the fourth decretal paragraph and granting judgment in favor of third-party defendant as follows:

"It is ADJUDGED and DECLARED that third-party defendant is not obligated to provide excess coverage for defendant-third-party plaintiff in the underlying actions under the farm umbrella policy issued to plaintiff Richmond Farms Dairy, LLC, and as modified the judgment is affirmed without costs."

Memorandum: As we set forth in our prior decision in *Miller v Richardson* (48 AD3d 1298 [2008], *lv denied* 11 NY3d 710 [2008]), Susan Miller and George W. Rapson, Jr., who are defendants in the action and third-party action now before us, were injured when a vehicle driven by Lorraine Richardson, presently a defendant and the third-party plaintiff, made a sudden left turn in front of the motorcycle driven by Rapson on which Miller was a passenger. The vehicle driven by Richardson

was towing a hay wagon owned by plaintiff, Richmond Farms Dairy, LLC (Richmond Farms). Richardson had purchased hay from Richmond Farms and was returning the empty hay wagon to Richmond Farms when the accident occurred. Miller and Rapson each commenced underlying actions.

Richmond Farms had a business automobile insurance policy (business policy) with National Grange Mutual Insurance Company (National Grange), a defendant herein, and a farm umbrella policy with Cherry Valley Cooperative Insurance Company (Cherry Valley), the third-party defendant herein. John Richmond (Richmond) had a personal automobile insurance policy with National Grange.

National Grange disclaimed coverage under its business policy with Richmond Farms but subsequently agreed to defend Richmond Farms in the underlying actions commenced by Miller and Rapson. National Grange also disclaimed coverage under its personal automobile insurance policy with Richmond. In addition, National Grange and Cherry Valley disclaimed coverage for Richardson under all policies.

Richmond Farms and Richmond (collectively the Richmonds) commenced this declaratory judgment action seeking a declaration that National Grange was obligated to defend and indemnify the Richmonds in the underlying actions pursuant to the business policy. Miller asserted a cross claim in which she joined in that request for declaratory relief, and Richardson asserted a cross claim seeking a declaration that National Grange was obligated to defend and indemnify her under both the business and automobile policies. Richardson also commenced a third-party action seeking a declaration that Cherry Valley must provide coverage for her under the umbrella policy.

Supreme Court thereafter granted in part the motion of National Grange and denied in part the cross motions of Richardson and Miller, declaring that National Grange is not obligated to defend or indemnify Richardson or her husband under the personal automobile insurance policy issued to Richmond. The court further denied in part the motion of National Grange and granted in part the cross motions of Richardson and Miller, declaring that National Grange is obligated to defend and indemnify Richardson under the business policy issued to Richmond Farms. In addition, the court granted the cross motion of the Richmonds, declaring that National Grange is obligated to defend and indemnify them under the business policy issued to Richmond Farms, and the court granted in part the cross motion of Richardson, declaring that Cherry Valley "must provide excess coverage" for her.

We note at the outset that the issue whether National Grange is obligated to indemnify the Richmonds is moot, based on our prior decision in *Miller* in which we determined as a matter of law that the Richmonds "are not liable for injuries sustained by Miller and Rapson by virtue of [their] ownership of the hay wagon being towed by Lorraine Richardson at the time of the collision" (*id.* at 1300).

We further conclude that the court erred in declaring that National Grange was obligated to defend and indemnify Richardson under the business policy, and we therefore modify the judgment accordingly. Addressing first the duty to indemnify, we note that such a duty may be imposed only in the event that the insured is liable for a loss that is covered by the policy (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419 [1985]). Here, we conclude that the truck driven by Richardson at the time of the accident was not a covered vehicle within the meaning of the business policy. Contrary to the contentions of Miller and Richardson, the truck was not a covered "auto" within the meaning of "nonowned autos" in the business policy. Such "nonowned autos" are defined as vehicles that "you [i.e., Richmond Farms,] do not own, lease, hire, rent or borrow that are used in connection with [Richmond Farms'] business." The definition of covered "autos" also includes "[m]obile equipment while being carried or towed by a covered 'auto.'" Under that definition, the hay wagon being towed by Richardson is covered only in the event that it was being towed by a covered "auto." We conclude that the vehicle driven by Richardson that was used to tow the hay wagon at the time of the collision is not a covered auto. The phrase "used in connection with your business" is not ambiguous under the facts of this case. Although that phrase is not defined in the policy, it is to " 'be understood in [its] plain, ordinary, and popularly understood sense, rather than in a forced or technical sense' " (*Burriesci v Paul Revere Life Ins. Co.*, 255 AD2d 993, 994 [1998]). In addition, a court " 'may not disregard clear provisions which the insurers inserted in the policies and that the insured accepted' " (*Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 592 [1996]). Here, it is clear from the language of the business policy that the business policy covered vehicles that are not owned, leased, hired, rented or borrowed by Richmond Farms but are nevertheless associated with risks involving the business of Richmond Farms. The policy language "used in connection with your business" is not so broad as to encompass a customer using his or her own vehicle to transport purchased items home. Further, the record establishes that, although Richmonds were in the business of selling hay, they

were not in the business of delivering hay. Indeed, Richardson asked to use the hay wagon in order to transport the hay, and she was not charged a fee for the use of the hay wagon. Thus, it is clear from the record before us that the hay wagon was used by Richardson for her own purposes.

Contrary to the further contentions of Richardson, Rapson and Miller, the vehicle driven by Richardson was not a covered auto within the meaning of hired autos, which are defined in the business policy as those vehicles that are leased, hired, rented or borrowed by Richmond Farms. Richardson and her husband submitted affidavits in which they contended that the husband loaned the vehicle driven by Richardson to Richmond Farms, which in turn loaned the vehicle to Richardson for towing the hay wagon. Those affidavits, however, are insufficient to raise an issue of fact concerning whether the vehicle was a hired auto, inasmuch as they are self-serving and contradicted by prior sworn testimony of Richardson and her husband (*see generally Martindale v Town of Brownville*, 55 AD3d 1387 [2008], *lv denied* 11 NY3d 715 [2009]; *Liberty Mut. Ins. Co. v General Acc. Ins. Co.*, 277 AD2d 981 [2000]). Moreover, the record contains an affidavit of Richmond in which he states that no one from Richmond Farms spoke with Richardson's husband about borrowing the vehicle, and that no one from Richmond Farms loaned the vehicle to Richardson.

We further conclude that National Grange did not have a duty to defend Richardson. "While the duty of the insurer to defend is broader than its duty to indemnify . . . and the policy must be construed liberally in favor of the insured and strictly against the insurer . . . , where it can be concluded as a matter of law that there is no possible factual or legal basis under which the insurer might eventually be found obligated to indemnify the insured, the insurer may properly decline to provide a defense" (*Propis v Fireman's Fund Ins. Co.*, 112 AD2d 734, 736 [1985], *affd* 66 NY2d 828 [1985]). The complaints in the underlying actions allege that Richardson was towing the hay wagon at the direction of Richmond and in furtherance of the business of Richmond Farms. Although under this language, Richardson could be construed as driving a covered vehicle due to its alleged use in connection with Richmond Farms' business, there is nothing in the complaint that supports a finding that Richardson was an insured under the business auto policy. The definition of "insured" includes Richmond Farms and anyone who is using a "covered auto" owned, hired or borrowed by Richmond Farms. The relevant vehicle herein is the vehicle driven by Richardson, and the complaints in the underlying ac-

tions do not allege that Richmond Farms owned, hired or borrowed the vehicle.

We further conclude that the court properly declared that National Grange is not obligated to defend and indemnify Richardson under the personal automobile insurance policy issued to Richmond. Pursuant to that policy, the term insured includes any person using a covered auto owned by Richmond, including any trailer owned by him. The term trailer is defined in relevant part as "a farm wagon or farm implement" that is towed by a private passenger auto, "pickup" or van. It is undisputed that the hay wagon constitutes a trailer within the meaning of the personal automobile insurance policy. We conclude however that the record establishes that the hay wagon was owned by Richmond Farms, not by Richmond. Richmond submitted an affidavit expressly stating that Richmond Farms owned the hay wagon, and explained that any indication in his deposition testimony to the contrary resulted only from the fact that he was not asked to differentiate between himself and Richmond Farms.

Finally, we conclude that the court erred in declaring that Cherry Valley must provide excess coverage for Richardson under the umbrella policy, and we therefore further modify the judgment accordingly. The umbrella policy provided extra liability insurance for any person who was, inter alia, covered under one of the basic policies of the Richmonds, including the business and personal automobile insurance policies. Based on our conclusion that Richardson is not covered under either of those policies, she likewise is not covered under the umbrella policy. Thus, under the circumstances of this case, we search the record pursuant to CPLR 3212 (b) and grant summary judgment in favor of Cherry Valley, a nonmoving party, and we grant judgment declaring that it is not obligated to provide excess coverage for Richardson under the umbrella policy. In light of our determination, we need not address Richardson's remaining contentions. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.