(March 26, 2010)

█ RLI INSURANCE COMPANY, Appellant, v LESLIE SMIEDALA et al., Defendants, and MICHAEL J. HALE et al., Respondents. [897 NYS2d 827]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 25, 2009 in a declaratory judgment action. The judgment, inter alia, granted the motion of defendants Michael J. Hale and Regional Integrated Logistics, Inc. for summary judgment and declared that plaintiff is obligated to defend and indemnify them in the underlying action.

It is hereby ordered that the judgment so appealed from is modified on the law by denying the motion seeking summary judgment in part, vacating the declaration in part and granting judgment in favor of plaintiff as follows:

It is adjudged and declared that plaintiff is not obligated to defend or indemnify defendant Michael J. Hale in the underlying action and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking judgment declaring that it is not obligated to defend or indemnify

defendants Michael J. Hale and Regional Integrated Logistics, Inc. (Regional) in the underlying personal injury action and related third-party action under the commercial automobile insurance policy issued by plaintiff to Regional. Defendant Leslie Smiedala, the plaintiff in the underlying action, seeks damages for injuries he allegedly sustained when the vehicle in which he was a passenger collided with a vehicle driven by Hale, which he had leased from defendants third-party plaintiffs Audi Financial Services and VW Leasing, Ltd. (Audi/VW). Hale, an employee of Regional, was driving to the bank at the time of the accident in order to make a deposit for Regional. Audi/VW commenced a third-party action against Regional seeking contribution and/or indemnification for any liability arising from Hale's negligence under the doctrine of respondeat superior.

Supreme Court denied the initial motion of Hale and Regional seeking summary judgment declaring that plaintiff must defend and indemnify them under the policy, but thereafter granted their motion for leave to reargue and, upon granting the motion for reargument, granted the initial motion and issued the declaration sought by Hale and Regional. We conclude that the court properly granted that part of the initial motion seeking summary judgment declaring that plaintiff must defend and indemnify Regional in the underlying action. The "Notice of Occurrence/Claim" submitted to plaintiff on March 29, 2007 constituted notice of the occurrence on behalf of both Hale and Regional, and plaintiff failed to provide a legitimate excuse for its 95-day delay in disclaiming liability or denying coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). That unexcused delay is unreasonable as a matter of law, and thus plaintiff "may not disclaim liability or deny coverage in this case" with respect to Regional, regardless of whether Regional's notice of the occurrence was timely (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979], *rearg denied* 47 NY2d 951 [1979]; *see First Fin. Ins. Co.*, 1 NY3d at 67).

We further conclude, however, that the court erred in granting that part of the initial motion with respect to Hale. He is an insured under the policy only if he was using, with Regional's permission, an automobile owned, hired or borrowed by Regional, and it is undisputed that the automobile was not owned or hired by Regional. Considering "the plain language of the contract as it would be understood by an average or ordinary citizen" (*Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 992 [1995]), we conclude that only "an unnatural or unreasonable construction" of that provision supports an interpretation

that Hale's personal vehicle was borrowed by Regional and then used by Hale with Regional's permission (*Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987 [1992]; *see Richmond Farms Dairy, LLC v National Grange Mut. Ins. Co.*, 60 AD3d 1411, 1415 [2009]). Thus, given that Hale is not an insured under the policy, plaintiff was not required to disclaim liability or deny coverage in a timely manner (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). We therefore modify the judgment accordingly.

Peradotto and Green, JJ., concur; Carni, J., concurs in the result in the following memorandum.

Carni, J. (concurring). I respectfully concur in the result. I agree with the conclusion of the majority that defendant Michael J. Hale is not an insured under the insurance policy issued by plaintiff to defendant Regional Integrated Logistics, Inc. (Regional), but my reasoning differs from that of the majority. Regardless of whether Regional owned, hired, or borrowed Hale's 2000 Audi motor vehicle, there is no dispute that Hale's vehicle was a "private passenger type auto" within the meaning of the "Who is An Insured" section of the policy. The definition of an insured under Regional's policy is contained in the "Coverage" section of the policy, and the "Exclusions" from coverage are contained in an entirely distinct section of the policy. The plain language of the coverage section of the policy provides that "[t]he owner or anyone else from whom you hire or borrow a covered 'private passenger type auto' " is not an insured. Inasmuch as Hale was operating a "private passenger type auto," he was not an insured under the coverage section of the policy, and there is no coverage. Because there is no coverage, Regional had "no obligation to disclaim or deny" coverage (*Zappone v Home Ins. Co.*, 55 NY2d 131, 139 [1982]).

Scudder, P.J., and Gorski, J., dissent in part and vote to affirm in the following memorandum.

Scudder, P.J., and Gorski, J. (dissenting in part). We respectfully dissent in part. In our view, this is not a case in which the policy "covers neither the person nor the vehicle involved in [the] automobile accident" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 139 [1982]). At the time of the accident, defendant Michael J. Hale was using his personal vehicle to conduct business on behalf of defendant Regional Integrated Logistics, Inc. (Regional). The commercial automobile insurance policy at issue provides coverage for any automobile, regardless of ownership, subject to certain specified exceptions. In light of the broad and inclusive language of the policy, we disagree with the conclusion of the majority that a determination that Hale was borrowing a

Regional vehicle at the relevant time is "an unnatural or unreasonable construction" of the policy (*Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987 [1992]). We therefore conclude that, but for the application of specified exceptions to coverage, Hale's claim falls within the policy's coverage provisions, and Regional was required to provide a timely denial of coverage based upon those specified exceptions (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 190 [2000]; *Penn-America Group v Zoobar, Inc.*, 305 AD2d 1116, 1117-1118 [2003], *lv denied* 100 NY2d 511 [2003]). Inasmuch as we agree with the majority that plaintiff failed to provide a legitimate excuse for its untimely disclaimer of liability or denial of coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979], *rearg denied* 47 NY2d 951 [1979]), we would affirm the judgment in its entirety. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.