■ RLI INSURANCE COMPANY, Appellant, v LESLIE SMIEDALA et al., Defendants, and MICHAEL J. HALE et al., Respondents. [909 NYS2d 263]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 13, 2009 in a declaratory judgment action. The order granted the motion of defendants Michael J. Hale and Regional Integrated Logistics, Inc. for summary judgment determining that plaintiff is obligated to pay costs and fees incurred by them in defending this action.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion with respect to defendant Michael J. Hale and vacating those parts concerning that defendant and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking judgment declaring that it is not obligated to defend or indemnify defendants Michael J. Hale and Regional Integrated Logistics, Inc. (Regional) in the underlying personal injury action and related third-party action under the commercial automobile insurance policy issued by plaintiff to Regional. Supreme Court granted the motion of Hale and Regional for summary judgment declaring that plaintiff must defend and indemnify them under the policy. On a prior appeal, we determined that Hale is not an insured under the policy, and we therefore modified the judgment by denying that part of the motion with respect to Hale and granting judgment declaring that plaintiff is not obligated to defend or indemnify Hale in the underlying action (*RLI Ins. Co. v Smiedala*, 71 AD3d 1553 [2010]). Before our decision in that appeal was issued, the court granted the subsequent motion of Hale and Regional for summary judgment determining that plaintiff is obligated to pay costs and fees incurred by them in defending the declaratory judgment action.

Contrary to plaintiff's contention, the court properly granted that part of the motion with respect to the attorneys' fees incurred by Regional in the declaratory judgment action. "It is well settled that 'an insurer's responsibility to defend reaches

the defense of *any* actions arising out of the occurrence,' and defense expenses are recoverable by the insured, including those incurred in defending against an insurer seeking to avoid coverage for a particular claim" (*National Grange Mut. Ins. Co. v T.C. Concrete Constr., Inc.*, 43 AD3d 1321, 1322 [2007], quoting *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]). Moreover, "an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 598 [2004]; *see Progressive Halcyon Ins. Co. v Giacometti*, 72 AD3d 1503, 1507 [2010]). We reject the contention of plaintiff that it is not obligated to pay the attorneys' fees incurred by Regional because it is an excess insurer whose coverage has not yet been triggered. Although plaintiff's duty to defend Regional may not have been triggered in the underlying action because the primary coverage has not been exhausted, Regional may nevertheless recover its attorneys' fees from plaintiff incurred in the declaratory judgment action inasmuch as Regional was "cast in a defensive posture by the legal steps [plaintiff took] in an effort to free itself from its policy obligations" (*Mighty Midgets*, 47 NY2d at 21). The coverage dispute here is between plaintiff and Regional and does not involve the primary carrier or its coverage.

We agree with plaintiff, however, that Hale is not entitled to attorneys' fees inasmuch as he is not an insured under the policy and thus did not prevail in the declaratory judgment action (*RLI Ins. Co.*, 71 AD3d at 1554-1555; *see generally Nestor v McDowell*, 81 NY2d 410, 415-416 [1993], *rearg denied* 82 NY2d 750 [1993]). We therefore modify the order accordingly.

The record establishes that the same attorney represented Hale and Regional in the declaratory judgment action, and it is not possible to determine on the record before us how much of the attorneys' fees are attributable to each of them. We therefore remit the matter to Supreme Court to determine the amount of reasonable attorneys' fees to which Regional is entitled in the declaratory judgment action following a hearing, if necessary (*see Progressive Halcyon Ins. Co.*, 72 AD3d at 1507). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.