# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1583**
**CA 10-00264**
PRESENT: MARTOCHE, J.P., CENTRA, FAHEY, LINDLEY, AND SCONIERS, JJ.

---

PROGRESSIVE NORTHEASTERN INSURANCE COMPANY,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STATE FARM INSURANCE COMPANIES, CRAIG DONAGHEY,
GLORIA CARD, JEANETTE BOSKET, CANDICE A. RHEA,
GABE'S AUTO, DEFENDANTS-RESPONDENTS,
CHARTER OAK FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (JOSEPH A. WILSON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MACKENZIE HUGHES LLP, SYRACUSE (RYAN T. EMERY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS STATE FARM INSURANCE COMPANIES AND CANDICE A.
RHEA.

COLELLA LAW OFFICE, CHITTENANGO (JOHN D. COLELLA OF COUNSEL), FOR
DEFENDANT-RESPONDENT GABE'S AUTO.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered October 14, 2009 in a declaratory judgment action. The judgment, inter alia, declared that defendant Charter Oak Fire Insurance Company is obligated to defend and indemnify Gabe's Auto, Gabriel O'Loughlin and Craig Donaghey in an underlying personal injury action.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion of defendant Gabe's Auto in its entirety, vacating in part the 4th decretal paragraph and vacating in their entirety the 7th and 10th decretal paragraphs, and granting judgment in favor of defendant Charter Oak Fire Insurance Company as follows:

It is ADJUDGED and DECLARED that defendant Charter Oak Fire Insurance Company is not obligated to defend or indemnify defendant Gabe's Auto, Gabriel O'Loughlin or Craig Donaghey in the underlying personal injury action brought by defendants Jeanette Bosket and Gloria Card and is not obligated to reimburse defendant Gabe's Auto and Gabriel O'Loughlin in hiring substitute counsel in that underlying personal injury action and as modified the judgment is

affirmed without costs.

Memorandum:  This declaratory judgment action involves a dispute over insurance coverage of various parties involved in a motor vehicle accident.  The accident occurred when a vehicle occupied by defendants Jeanette Bosket and Gloria Card was rear-ended by a vehicle owned by defendant Candice Rhea and operated by defendant Craig Donaghey.  Earlier that day, Rhea had taken her vehicle to defendant Gabe's Auto in Syracuse for minor repairs and an inspection.  Because a light for the vehicle's Onboard Diagnostic System (ODS) had been activated, an inspection sticker could not be issued at that time because the inspection could be approved only after the light was deactivated.  Because the light would not deactivate until the vehicle had been driven for a period of time, that same day the owner of Gabe's Auto gave Donaghey, his employee, permission to drive the vehicle to Binghamton to pick up his son for visitation.  The accident occurred when Donaghey was returning from Binghamton.  The occupants of the other vehicle, Bosket and Card, were injured in the accident, and they later commenced the underlying personal injury action against Donaghey and Rhea.

In its amended complaint in this action, plaintiff, Progressive Northeastern Insurance Company, sought a declaration that it is not obligated to defend or indemnify its insured, Donaghey, in the underlying action.  Gabe's Auto in turn asserted a cross claim seeking a declaration that its insurer, defendant Charter Oak Fire Insurance Company (Charter Oak), is obligated to defend and indemnify it in the underlying action as well as a second cross claim seeking, inter alia, a declaration that Charter Oak is obligated to reimburse Gabe's Auto and Gabriel O'Loughlin for the costs of hiring substitute counsel to defend them in the underlying personal injury action.  Charter Oak thereafter moved for summary judgment dismissing, inter alia, that cross claim against it, and Gabe's Auto cross-moved for summary judgment on its cross claim.  Supreme Court issued the declaration sought by Gabe's Auto in its cross claim, and Charter Oak appeals.

We agree with Charter Oak that the court erred in declaring that it has a duty to defend and indemnify Gabe's Auto in the underlying action.  The commercial liability policy issued by Charter Oak specifically excludes coverage for injuries and property damage arising from the use of any "auto" owned, operated, or rented or loaned to the insured.  Pursuant to the "Operation of Customers Autos Garage Operations" endorsement, however, the auto exclusion "does not apply to any 'customer's auto' while on or next to those premises you [the insured] own, rent or control *and* that are being used for any 'garage operations' " (emphasis added).  That endorsement is inapplicable in this case because the accident involving the customer's auto did not occur "on or next to" the insured premises; as noted, it occurred in another city, some 60 miles away.  We thus conclude that, even assuming that Donaghey was using Rhea's vehicle for "garage operations" at the time of the accident, the policy does not afford coverage, and Charter Oak has no obligation to defend or indemnify Gabe's Auto in the underlying action.

Gabe's Auto contends that the court properly determined that the endorsement is ambiguous and should therefore be construed against Charter Oak. According to Gabe's Auto, the endorsement can reasonably be read to limit the auto exclusion where the accident occurs "on or next to" the premises *or* if the vehicle is being used at the time for "garage operations," which includes the servicing and repair of a customer's auto. We disagree. Although insurance contracts should be liberally construed in favor of the insured (*see Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 992, *appeal withdrawn* 88 NY2d 979), it is equally true that policies must be interpreted in light of "the plain language of the contract as it would be understood by an average or ordinary citizen" (*RLI Ins. Co. v Smiedala*, 71 AD3d 1553, 1554), and "[w]here the provisions of an insurance contract are clear and unambiguous, the courts should not strain to superimpose an unnatural or unreasonable construction" (*Maurice Goldman & Sons, Inc. v Hanover Ins. Co.*, 80 NY2d 986, 987). In our view, the construction of the relevant policy language urged by Gabe's Auto, and accepted by the court, is strained, unnatural and unreasonable. The endorsement is phrased in the conjunctive, meaning that for an accident to be covered, two conditions must be satisfied - i.e., the customer's auto must be "on or next to those premises," *and* the premises must be "being used for any 'garage operations.' " Interpreting this language in the manner urged by Gabe's Auto effectively turns the conjunctive "and" into a disjunctive "or." The structure of the sentence does not support that interpretation. Moreover, the interpretation proffered by Gabe's Auto relies on a construction of the sentence that is grammatically incorrect, in that it requires the plural verb "are" to modify the singular noun "auto." Thus, "the plain language" of this sentence, "as it would be understood by an average or ordinary citizen" (*RLI Ins. Co.*, 71 AD3d at 1554), supports the interpretation urged by Charter Oak.

We also reject respondents' alternative contention that the Garagekeepers Liability endorsement applies to this case. That endorsement provides coverage only for property damage to a customer's vehicle; it does not provide liability coverage for damage caused by a customer's vehicle. We therefore modify the judgment accordingly and declare that Charter Oak is not obligated to defend or indemnify Gabe's Auto (or its employee, Donaghey) in the underlying action.

Entered: February 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court