■ INSURANCE COMPANY OF GREATER NEW YORK, Appellant, v CLERMONT ARMORY, LLC, Respondent, et al., Defendants. (And Third-Party Actions.) [923 NYS2d 661]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to provide coverage to the defendant Clermont Armory, LLC, under a certain policy of insurance, for property damage sustained on or about December 26, 2006, or February 7, 2007, as the result of certain excavation activity on adjacent property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 1, 2010, which granted the motion of Clermont Armory, LLC, for summary judgment on the counterclaim of that defendant declaring that it is so obligated and for an award of an attorney's fee, and (2) an interlocutory judgment of the same court dated July 30, 2010, which, after a hearing on the issue of the proper amount of the award of the attorneys' fee, is in favor of the defendant Clermont Armory, LLC, and against it in the total sum of $41,000.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Clermont Armory, LLC, which was for an award of an attorney's fee is dismissed, without costs or disbursements, as that portion of the order was superseded by the interlocutory judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is reversed, on the law, without costs or disbursements, that branch of the motion of the defendant Clermont Armory, LLC, which was for an award of an attorney's fee is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of a final judgment declaring that the plaintiff is obligated to provide coverage to the defendant Clermont Armory, LLC, under the policy of insurance issued by the plaintiff to that defendant for the losses sustained by that defendant on or about December 26, 2006, or February 7, 2007.

The defendant Clermont Armory, LLC (hereinafter Clermont), owns the Clermont Avenue Armory (hereinafter the Armory), in Brooklyn. Clermont obtained a policy of insurance (hereinafter the policy) from the plaintiff, Insurance Company of Greater New York (hereinafter ICGNY) covering loss or damage to the premises. At some point in 2006, the defendant Vanderbilt Associates, LLC (hereinafter Vanderbilt), commenced construction on property adjacent to the Armory. As part of the construction,

Vanderbilt conducted excavation activities both on its property and under a portion of the Armory, and it installed underpinnings under a portion of the Armory. Thereafter, Clermont alleged that cracks appeared in walls and floors of parts of the Armory. Clermont filed a claim under the policy, but ICGNY, relying on several policy exclusions, did not pay the claim, instead commencing this action, inter alia, seeking a judgment declaring that it was not obligated to provide coverage for the damage to the Armory caused by Vanderbilt's work. Clermont asserted a counterclaim seeking a declaration that the policy provided coverage for the damage. Clermont eventually moved for summary judgment on its counterclaim and for an award of an attorney's fee. The Supreme Court granted Clermont's motion, and, after a hearing, awarded Clermont an attorney's fee in the total sum of $41,000.

Generally, where an insurer wishes to exclude certain coverage from its policy obligations, "it must do so in clear and unmistakable language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [internal quotation marks and citations omitted]; *see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]). The insurer's burden is heavy, and doubtful or uncertain language leading to ambiguity will be interpreted against the insurer (*see Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 904 [2006]; *Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 13 AD3d 599, 600 [2004]).

Here, ICGNY's reliance on the exclusions for "earth movement" and "defective workmanship" is misplaced because the exclusions may reasonably be interpreted as inapplicable to the causes of the damage to the Armory. Accordingly, the language in these exclusions must be construed against the insurer. The decision of the Appellate Division, First Department, in *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.* (31 AD3d 100 [2006]), is directly on point, factually and legally, as to both exclusions, and we find it persuasive. Consequently, the Supreme Court correctly granted that branch of Clermont's motion which was for summary judgment on its counterclaim.

However, the Supreme Court erred in granting that branch of

Clermont's motion which was for an award of an attorney's fee. A prevailing party may not recover an attorney's fee from the losing party except where authorized by statute, agreement, or court rule (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004], citing *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]). Although an insured who is "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and who prevails on the merits, may recover an attorney's fee incurred in defending against the insurer's action (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d at 598, quoting *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d at 21), recovery is only possible where the insurer has a duty to defend the insured. Here, the policy covered only property damage and was not a liability policy, but rather a casualty policy. Consequently, ICGNY had no duty to defend Clermont, and its commencement of this action did not put Clermont in a "defensive posture" within the meaning of *Mighty Midgets v Centennial Ins. Co.* (47 NY2d at 21) (*cf. Matter of Aetna Cas. & Sur. Co. v Dawson*, 84 AD2d 708, 709 [1981], *affd for reasons stated below* 56 NY2d 1022 [1982]). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.