■ FARM FAMILY CASUALTY INSURANCE COMPANY, Respondent, v HABITAT REVIVAL, LLC, et al., Appellants. [938 NYS2d 126]—

The defendant John A. Bardes, the sole member of the defendant Habitat Revival, LLC (hereinafter Habitat), allegedly was injured when struck by a truck owned by Habitat and operated by the defendant Gallo Pintado, an employee of Habitat, while in the course of Pintado's employment. The truck was insured under a business auto policy issued by the plaintiff to Habitat.

Bardes and his wife, suing derivatively, commenced a personal injury action against Pintado and Habitat. After investigating the accident, the plaintiff denied coverage based on three exclusions in the business auto policy: the "Workers' Compensation," "Employee Indemnification And Employer's Liability," and "Fellow Employee" exclusions. Thereafter, the plaintiff commenced this action, inter alia, in effect, seeking a declaration that it is not obligated to defend or indemnify Habitat and Pintado in the underlying action.

The plaintiff moved, among other things, for summary judgment declaring that it is not obligated to defend or indemnify Habitat and Pintado in the underlying action based on the three exclusions: the workers' compensation exclusion, which excluded coverage for "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation . . . law," the employee indemnification and employer's liability (hereinafter employee indemnification) exclusion, which excluded coverage for bodily injury to an employee of the insured, "arising out of and in the course of . . . [e]mployment," and the fellow employee exclusion, which excluded coverage for bodily injury to "any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment." The plaintiff argued that because Bardes was an employee of Habitat eligible for workers' compensation coverage at the time of the accident, coverage for his injuries was excluded.

The defendants cross-moved, inter alia, for summary judgment, in effect, declaring that the plaintiff is required to defend and indemnify Habitat and Pintado in the underlying action, and for a hearing on the issue of attorneys' fees. They argued, among other things, that the exclusions did not apply because Bardes was not an employee of Habitat under the business auto policy, but, rather, a member of the LLC, and was not entitled to workers' compensation coverage.

"[A]mbiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978]). "[W]henever an insurer wishes to exclude certain cover-

age from its policy obligations, it must do so 'in clear and unmistakable' language" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984], quoting *Kratzenstein v Western Assur. Co. of City of Toronto*, 116 NY 54, 59 [1889]). "Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311). The definition of employee in the business auto policy is ambiguous. Since the employee indemnification and fellow employee exclusions relied upon by the plaintiff depend on employee status, the term, as used in those exclusions, must be construed narrowly, and against the plaintiff. Further, the record, including Bardes' deposition testimony, showed that, while Habitat had employees who received wages and W-2 forms, he himself was not an employee of Habitat and did not receive wages, W-2 forms, or 1099 forms. Accordingly, under the circumstances of this case, the defendants demonstrated, prima facie, that Bardes was not an employee of Habitat, and, therefore, the employee indemnification and fellow employee exclusions did not apply (*see e.g. Commissioners of State Ins. Fund v Hermitage Ins. Co.*, 225 AD2d 649, 650-651 [1996]; *cf. Giovannucci v Petrone*, 51 AD3d 632 [2008]).

The defendants also demonstrated, prima facie, that Bardes was not entitled to workers' compensation coverage and, therefore, the workers' compensation exclusion also did not apply to him (*see* Workers' Compensation Law § 54 [6]; *Commissioners of State Ins. Fund v Hermitage Ins. Co.*, 225 AD2d at 650-651). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to defend and indemnify Habitat and Pintado in the underlying action, and should have granted that branch of the defendants' cross motion which was for summary judgment, in effect, declaring that it is so obligated.

"[A]n insured who is 'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover an attorney's fee incurred in defending against the insurer's action" (*Insurance Co. of Greater N.Y. v Clermont Armory, LLC*, 84 AD3d 1168, 1171 [2011], quoting *U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 598 [2004]; *see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]; *Johnson v General*

*Mut. Ins. Co.*, 24 NY2d 42 [1969]). " 'It is well settled that an insurer's responsibility to defend reaches the defense of *any* actions arising out of the occurrence, and defense expenses are recoverable by the insured, including those incurred in defending against an insurer seeking to avoid coverage for a particular claim' " (*RLI Ins. Co. v Smiedala*, 77 AD3d 1293, 1294-1295 [2010], quoting *National Grange Mut. Ins. Co. v T.C. Concrete Constr., Inc.*, 43 AD3d 1321, 1322 [2007] [internal quotation marks omitted]). "Moreover, 'an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured' " (*RLI Ins. Co. v Smiedala*, 77 AD3d at 1295, quoting *U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d at 598).

Since the defendants are entitled to a declaration that the plaintiff is obligated to defend and indemnify Habitat and Pintado in the underlying action, they may recover attorneys' fees incurred in defending this action (*see Insurance Co. of Greater N.Y. v Clermont Armory, LLC*, 84 AD3d at 1171). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for a hearing on the issue of attorneys' fees, and we remit the matter to the Supreme Court, Putnam County, for a hearing to determine the amount of the award of the attorneys' fees.

In light of our determination, we need not reach the defendants' remaining contentions.

Since this is a declaratory judgment action, we also remit the matter to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiff is obligated to defend and indemnify Habitat and Pintado in the underlying action entitled *Bardes v Pintado*, commenced in the Supreme Court, Putnam County, under index No. 465/09 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Dickerson, Hall and Sgroi, JJ., concur.