■ Boro Park Land Co., LLC, Respondent, v Princeton Excess Surplus Lines Insurance Company, Appellant, and K&B Underwriters, LLC, et al., Respondents, et al., Defendant. [32 NYS3d 651]—

In an action, inter alia, for a judgment declaring that the defendant Princeton Excess Surplus Lines Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Wickham v Boro Park Land Co., LLC*, commenced in the Supreme Court, Kings County, under index No. 21812/12, the defendant Princeton Excess Surplus Lines Insurance Company appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Bunyan, J.), dated November 17, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the plaintiff's cross motion which was for summary judgment declaring that Princeton Excess Surplus Lines Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action, and declared that Princeton Excess Surplus Lines Insurance Company is so obligated.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, Boro Park Land Co., LLC (hereinafter Boro Park), owns certain premises located in Brooklyn, which it leased to Boro Park Operating Co., LLC (hereinafter the Center), for the operation of a nursing home. The defendant Princeton Excess Surplus Lines Insurance Company (hereinafter Princeton) issued a Senior Living Professional Liability, General Liability, and Employee Benefits Liability policy (hereinafter the policy) to the Center. Boro Park was named as an additional insured under the policy, as required by the lease agreement.

Vanessa Wickham, an employee of the Center, allegedly was injured when she slipped and fell in the parking garage of the Center when she arrived at work. Wickham thereafter commenced an action in the Supreme Court, Kings County, entitled *Wickham v Boro Park Land Co., LLC.*, alleging that Boro Park

was negligent in maintaining the premises (hereinafter the underlying action). Boro Park forwarded the summons and complaint to Sedgwick Claims Management Services, Inc., Princeton's third-party claims administrator, which was received on December 5, 2012. In a letter dated December 14, 2012, Princeton denied coverage under the policy, inter alia, based upon the "Insured Versus Insured" exclusion in the policy.

Boro Park then commenced this action for a judgment declaring that Princeton is obligated to defend and indemnify it in the underlying action. Princeton moved for summary judgment dismissing the complaint insofar as asserted against it, and Boro Park cross-moved, inter alia, for summary judgment declaring that Princeton is obligated to defend and indemnify it in the underlying action. As relevant to this appeal, the Supreme Court denied Princeton's motion and granted that branch of Boro Park's cross motion which was for summary judgment declaring that Princeton is obligated defend and indemnify it in the underlying action, and declared that Princeton is so obligated. Princeton appeals.

"[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Cumberland Farms, Inc. v Tower Group, Inc.*, 137 AD3d 1068, 1070 [2016]; *Salt Constr. Corp. v Farm Family Cas. Ins. Co.*, 120 AD3d 568, 569 [2014]). Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Edwards v Allstate Ins. Co.*, 16 AD3d 368, 369 [2005]). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see 492 Kings Realty, LLC v 506 Kings, LLC*, 88 AD3d 941, 943 [2011]; *Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]). "[I]f the language is doubtful or uncertain in its meaning, any ambiguity will be construed in

favor of the insured and against the insurer" (*Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 904 [2006]; *see Insurance Co. of Greater N.Y. v Clermont Armory, LLC*, 84 AD3d 1168, 1170 [2011]; *Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 13 AD3d 599, 600 [2004]).

Here, Princeton disclaimed coverage based upon the "Insured Versus Insured" exclusion, which excluded "[a]ny 'claim' made by or for the benefit of, or in the name or right of, one current or former insured against another current or former insured." As it is not clear from the language of the exclusion at issue whether Wickham, as an employee, was an "insured" as that term was defined in the policy (*see QBE Ins. Corp. v Public Serv. Mut. Ins. Co.*, 102 AD3d 442, 442-443 [2013]), the provisions are ambiguous and subject to more than one interpretation (*see Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 13 AD3d at 600; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 223 AD2d 528, 529 [1996], *affd as mod* 89 NY2d 293 [1996]). Thus, the Supreme Court correctly determined that Princeton failed to establish its prima facie entitlement to judgment as a matter of law (*see QBE Ins. Corp. v Public Serv. Mut. Ins. Co.*, 102 AD3d at 442-443; *Insurance Co. of Greater N.Y. v Clermont Armory, LLC*, 84 AD3d at 1170; *Lee v State Farm Fire & Cas. Co.*, 32 AD3d at 904; *Pepsico, Inc. v Winterthur Intl. Am. Ins. Co.*, 13 AD3d at 600). Accordingly, the court properly denied Princeton's motion for summary judgment dismissing the complaint, and granted that branch of Boro Park's cross motion which was for summary judgment declaring that Princeton is obligated to defend Boro Park in the underlying action, and declared that Princeton is so obligated (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.