Hershfeld v JM Woodworth Risk Retention Group, Inc. (2023 NY Slip Op 00414)

Hershfeld v JM Woodworth Risk Retention Group, Inc.

2023 NY Slip Op 00414

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-01233
 (Index No. 710870/16)

[*1]Alvin Hershfeld, etc., et al., appellants,
v
JM Woodworth Risk Retention Group, Inc., respondent, et al., defendants.

Vincent D. McNamara, East Norwich, NY (Helen M. Benzie of counsel), for appellants.
Garbarini & Scher, P.C., New York, NY (Thomas M. Cooper of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), dated January 2, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant JM Woodworth Risk Retention Group, Inc., which was for summary judgment declaring that it is not obligated to reimburse the plaintiffs for certain legal expenses incurred by the plaintiffs and denied the plaintiffs' cross-motion for summary judgment declaring that the defendant JM Woodworth Risk Retention Group, Inc., is so obligated.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant JM Woodworth Risk Retention Group, Inc., is not obligated to reimburse the subject legal expenses incurred by the plaintiffs.
On December 11, 2013, Salvatore Leone and Santa Leone (hereinafter together the Leones) commenced a medical malpractice action against Alvin Hershfeld and Medical Offices of Howard Beach, P.C. (hereinafter together the medical providers). The medical providers' insurer, JM Woodworth Risk Retention Group, Inc. (hereinafter JMW), agreed to provide a defense. On January 29, 2016, however, JMW denied the claim and withdrew its defense of the medical malpractice action based on the medical providers' alleged failure to cooperate with counsel.
On September 8, 2016, the medical providers commenced this action against JMW and the Leones seeking, among other things, a declaration that JMW was obligated to defend and/or indemnify the medical providers in the medical malpractice action. JMW subsequently reaffirmed its coverage of the medical providers in the medical malpractice action, with a full reservation of rights. In January 2019, the medical malpractice action was settled and paid out by JMW.
On April 9, 2019, JMW moved, inter alia, for summary judgment declaring that it is not obligated to reimburse the medical providers for legal expenses that the medical providers had allegedly incurred as a result of JMW declining coverage. The medical providers opposed the [*2]motion and cross-moved for summary judgment declaring that JMW is so obligated. By order dated January 2, 2020, the Supreme Court granted that branch of JMW's motion and denied the medical providers' cross-motion. The medical providers appeal.
Generally, "except where authorized by statute, agreement, or court rule" (Insurance Co. of Greater N.Y. v Clermont Armory, LLC, 84 AD3d 1168, 1171), "an insured cannot recover his [or her] legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk" (71 NY Jur 2d Insurance § 2610; see Insurance Co. of Greater N.Y. v Clermont Armory, LLC, 84 AD3d at 1171). However, an insured who is "'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action" (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597, quoting Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21; see Johnson v General Mut. Ins. Co., 24 NY2d 42). Thus, when an insurer commences a declaratory judgment action to determine its duty to defend and indemnify and the declaratory judgment action is unsuccessful, the insurer must pay the insured for the defense of both the underlying action and the declaratory judgment action (see Farm Family Cas. Ins. Co. v Habitat Revival, LLC, 91 AD3d 903, 905-906). Correspondingly, such costs and fees ordinarily cannot be recovered where the insured commences a declaratory judgment action to settle his or her rights under the policy or where the insured affirmatively sues the insurer for breach of the insurance contract (see Mighty Midgets v Centennial Ins. Co., 47 NY2d at 21; New York Univ. v Continental Ins. Co., 87 NY2d 308, 324; Doody v Liberty Mut. Group, Inc., 137 AD3d 959, 960-961; cf. City of New York v Zurich-American Ins. Group, 27 AD3d 609).
Here, since the medical providers' first and second causes of action asserted against JMW for a declaratory judgment amounted to an affirmative action by the insureds to settle their rights, rather than legal steps by an insurer to free itself from its policy obligations, the medical providers are not entitled to an award of legal fees (see Mighty Midgets v Centennial Ins. Co., 47 NY2d at 21).
Accordingly, the Supreme Court properly granted that branch of JMW's motion which was for summary judgment declaring that it is not obligated to reimburse the medical providers for the subject legal expenses incurred by the medical providers and denied the medical providers' cross-motion for summary judgment declaring that JMW is so obligated.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that JMW is not obligated to reimburse the medical providers for the subject legal expenses (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court