[822 NE2d 777, 789 NYS2d 470]

U.S. Underwriters Insurance Company, Appellant, v City Club Hotel, LLC, et al., Appellants-Respondents, and Marek Szpakowski et al., Respondents.

Argued November 16, 2004; decided December 16, 2004

## POINTS OF COUNSEL

*Bryan Cave LLP,* New York City (*Mark J. Bunim, Alan Garten* and *Matthew K. Fleming* of counsel), for appellants-respondents. I. An insured who prevails in a declaratory judgment action should be awarded costs and attorneys' fees. (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *U.S. Underwriters Ins. Co. v Mesiftah Eitz Chaim of Bobov,* 210 AD2d 218; *United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.,* 277 AD2d 1026; *Christiansburg Garment Co. v Equal Empl. Opportunity Commn.,* 434 US 412; *Alyeska Pipeline Serv. Co. v Wilderness Socy.,* 421 US 240; *F.D. Rich Co., Inc. v United States for Use of Indus. Lbr. Co., Inc.,* 417 US 116; *Nationwide Mut. Ins. Co. v Welch,* 988 F Supp 629; *Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005,* 258 AD2d 1; *U.S. Underwriters Ins. Co. v Weatherization, Inc.,* 21 F Supp 2d 318.) II. Appellants should be awarded costs and attorneys' fees based upon the special circumstances of this case. (*First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Allegany Co-op Ins. Co. v Williams,* 216 AD2d 894; *U.S. Underwriters Ins. Co. v Weatherization, Inc.,* 21 F Supp 2d 318; *U.S. Underwriters Ins. Co. v Manhattan Demolition Co.,* 250 AD2d 600.)

*Miranda & Sokoloff, LLP,* Mineola (*Steven Verveniotis* and *Jason B. Gurdus* of counsel), for appellant. I. The insurance contract, the applicable law and sound public policy warrant a response in the negative to the questions presented to the Court. (*Rekemeyer v Empire Mut. Ins. Co.,* 60 AD2d 492; *Nationwide Mut. Ins. Co. v Welch,* 988 F Supp 629; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Great N. Ins. Co. v Dayco Corp.,* 637 F Supp 765; *New York Mar. & Gen. Ins. Co. v Tradeline [L.L.C.],* 266 F3d 112; *Safeguard Ins. Co. v Angel Guardian Home,* 946 F Supp 221; *Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co. of Pittsburgh, PA,* 304 AD2d 334; *Broquedis v Employers Mut. Liab. Ins. Co. of Wis.,* 45 AD2d 591; *Sukup v State of New York,* 19 NY2d 519; *Employers Mut. Cas. Co. v Key Pharms.,* 75 F3d 815.) II. The special circumstances of this case constitute further reason not to penalize an

insurance carrier that has acted reasonably towards its insured and sought to adjudicate the rights and obligations of all concerned as to several claims asserted against/amongst the various defendants. (*Johnson v General Mut. Ins. Co.*, 24 NY2d 42; *National Cas. Ins. Co. v City of Mount Vernon*, 128 AD2d 332; *Allstate Ins. Co. v Aetna Cas. & Sur. Co.*, 123 Misc 2d 932; *United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.*, 277 AD2d 1026; *U.S. Underwriters Ins. Co. v Mesiftah Eitz Chaim of Bobov*, 210 AD2d 218.)

*Melito & Adolfsen, P.C.*, New York City (*Ignatius John Melito* and *S. Dwight Stephens* of counsel), and *Wiley Rein & Fielding LLP*, Washington, D.C. (*Laura A. Foggan, John C. Yang* and *David P. Sullivan* of counsel), for Complex Insurance Claims Litigation Association, amicus curiae. I. The established rule in the United States is that litigants pay for their own court expenses. (*Buckhannon Bd. & Care Home, Inc. v West Virginia Dept. of Health & Human Resources*, 532 US 598; *Chambers v NASCO, Inc.*, 501 US 32; *Alyeska Pipeline Serv. Co. v Wilderness Socy.*, 421 US 240; *Day v Woodworth*, 13 How [54 US] 363; *Arcambel v Wiseman*, 3 Dallas [3 US] 306; *Fleischmann Distilling Corp. v Maier Brewing Co.*, 386 US 714; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris, Inc.*, 190 F Supp 2d 407; *Key Tronic Corp. v United States*, 511 US 809; *Unbelievable, Inc. v National Labor Relations Bd.*, 118 F3d 795; *Roadway Express, Inc. v Piper*, 447 US 752.) II. The American Rule should apply here and not the policyholder's attempt to broaden a narrow exception. (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12; *Employers Mut. Cas. Co. v Key Pharms.*, 75 F3d 815; *City of Buffalo v J.W. Clement Co.*, 28 NY2d 241; *Sukup v State of New York*, 19 NY2d 519; *Johnson v General Mut. Ins. Co.*, 24 NY2d 42; *Puritan Ins. Co. v Eagle S.S. Co. S.A.*, 779 F2d 866; *Great N. Ins. Co. v Dayco Corp.*, 637 F Supp 765; *Safeguard Ins. Co. v Angel Guardian Home*, 946 F Supp 221; *Chicago Tit. Ins. Co. v Federal Deposit Ins. Corp.*, 172 F3d 601; *Newmont Mines Ltd. v Hanover Ins. Co.*, 784 F2d 127.) III. Extending the exception to the American Rule to the situation where an insurer has defended its policyholder would disserve the public interest. (*Buckhannon Bd. & Care Home, Inc. v West Virginia Dept. of Health & Human Resources*, 532 US 598; *Alyeska Pipeline Serv. Co. v Wilderness Socy.*, 421 US 240; *Sukup v State of New York*, 19 NY2d 519; *Barnes Found. v Township of Lower Merion*, 242 F3d 151; *Nationwide Mut. Ins. Co. v Welch*, 988 F Supp 629; *Fleischmann Distilling Corp. v Maier Brewing Co.*, 386 US 714; *F.D. Rich Co., Inc. v United States for Use of Indus. Lbr. Co., Inc.*, 417 US 116.)

*Nixon Peabody LLP,* New York City (*Aidan M. McCormack* and *Rajika Bhasin* of counsel), for CNA Insurance Companies, amicus curiae. I. The American Rule is a fundamental principle of jurisprudence that should not be undone by this Court. (*Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Bank of N.Y. v Fleet Bank,* 176 Misc 2d 21; *United States Fid. & Guar. Co. v Braspetro Oil Servs. Co.,* 369 F3d 34; *Summit Val. Indus. Inc. v United Bhd. of Carpenters & Joiners of Am.,* 456 US 717; *Arcambel v Wiseman,* 3 Dallas [3 US] 306; *Great N. Ins. Co. v Dayco Corp.,* 637 F Supp 765; *Grimsey v Lawyers Tit. Ins. Corp.,* 31 NY2d 953; *Gold v Nationwide Mut. Ins. Co.,* 273 AD2d 354; *Mazzuoccolo v Cinelli,* 245 AD2d 245; *Prime Ins. Syndicate, Inc. v B.J. Handley Trucking, Inc.,* 363 F3d 1089.) II. There is no "inherent inequity" in the American Rule. (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Johnson v General Mut. Ins. Co.,* 24 NY2d 42; *Glens Falls Ins. Co. v United States Fire Ins. Co.,* 41 AD2d 869, 34 NY2d 778; *Sukup v State of New York,* 19 NY2d 519; *American Motorists Ins. Co. v E.R. Squibb & Sons,* 95 Misc 2d 222; *Brown v United States Fid. & Guar. Co.,* 46 AD2d 97; *Doyle v Allstate Ins. Co.,* 1 NY2d 439; *Safeguard Ins. Co. v Angel Guardian Home,* 946 F Supp 221.) III. Departing from the American Rule would provide no incentive for insurers to submit disputes to the courts. (*Nationwide Mut. Ins. Co. v Welch,* 988 F Supp 629.)

*Anderson Kill & Olick, P.C.,* New York City (*Eugene R. Anderson* and *William G. Passannante* of counsel), and *Amy Bach,* San Francisco, California, for United Policyholders, amicus curiae. I. Insurance policies are not ordinary commercial contracts. II. There is a quagmire when the insurance company breaks its promise. (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Alyeska Pipeline Serv. Co. v Wilderness Socy.,* 421 US 240.) III. That *insurance is different* is shown in the growing trend towards awarding attorneys' fees to successful policyholders. (*Riviera Beach Volunteer Fire Co., Inc. v Fidelity & Cas. Co. of N.Y.,* 388 F Supp 1114.) IV. New York law provides guidance to clarify the recovery of attorneys' fees by policyholders regardless of a breach of the duty to defend. (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12.)

## OPINION OF THE COURT

G.B. Smith, J.

The United States Court of Appeals for the Second Circuit, by two certified questions, has asked this Court to clarify whether

an insured who prevails in an action brought by an insurer seeking a declaratory judgment that it has no duty to defend or indemnify the insured, may recover attorneys' fees expended in defending against the declaratory judgment action regardless of whether the insurer provided a defense to the insured. We answer that question in the affirmative.

Plaintiff, U.S. Underwriters Insurance Company, issued a commercial general liability policy for the policy period of May 15, 1999 to May 15, 2000, to defendants City Club Hotel, LLC and Shelby Realty, LLC, as named insureds, in connection with renovation work City Club was to perform on Shelby's property. On April 27, 2000, while performing the renovation work, Marek Szpakowski, a construction worker employed by City Club, fell from a scaffold and sustained serious injuries. In July 2000, U.S. Underwriters received notice of Szpakowski's claim and a copy of his counsel's letter to Shelby informing it that it might be sued. When the insurer confirmed receipt of the notice of claim, it identified City Club and Shelby as "Our Insured."

In November 2000, Mr. Szpakowski and his wife brought a personal injury action in Supreme Court asserting various labor and industrial law claims against Shelby, Forthright Development, LLC and Metropolitan Hotels, LLC. A copy of the verified complaint was sent to U.S. Underwriters on or about December 13, 2000. By letter dated December 20, 2000, approximately five months after it received notice of the claim, the insurer disclaimed coverage of City Club and Shelby with respect to the claims based on the employee exclusion clause of the policy, but nonetheless provided Shelby a defense in the underlying action.

In September 2002, U.S. Underwriters, asserting diversity jurisdiction, brought the instant action in the United States District Court for the Southern District of New York seeking a declaratory judgment that it has no duty to defend or indemnify defendants Shelby, City Club, Forthright and Metropolitan, or their named officers. The insurer moved, and defendants subsequently cross-moved, for summary judgment. The District Court granted summary judgment to defendants on the issue of disclaimer of coverage, finding that the disclaimer was untimely as a matter of law. The court, however, denied defendants' motion to recover attorneys' fees incurred in successfully defending the declaratory judgment action, ruling that attorneys' fees were not warranted because U.S. Underwriters did not breach the duty to defend.

In its appeal to the Second Circuit, U.S. Underwriters challenged the District Court's finding that its disclaimer of cover-

age was untimely. Defendants challenged the denial of attorneys' fees. The Second Circuit affirmed and held that U.S. Underwriters' disclaimer of coverage as to Shelby, Forthright and Metropolitan was untimely as a matter of law; that U.S. Underwriters is obliged to defend and indemnify Shelby in the underlying action; and that the complaint against defendants City Club and the named officers must be dismissed as these parties do not seek coverage under the policy. As to whether attorneys' fees can be awarded to defendants, the Second Circuit noted a division in interpreting the relevant law and certified the following two questions to this Court:

> "1. Whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action?

> "2. Whether, in the special circumstances of this case, attorneys' fees should be awarded to one or more of the defendants?" (369 F3d 102, 113 [2d Cir 2004].)

We accepted certification (2 NY3d 787 [2004]) and now answer the first question in the affirmative as to Shelby, a named insured under the policy. Since it is not clear what is meant by the "special circumstances of this case,"* we decline to answer the second question, concluding it is more appropriate for the District Court or the Second Circuit to resolve this issue.

It is well settled in New York that a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule (*see Chapel v Mitchell*, 84 NY2d 345, 349 [1994], quoting *Hooper Assoc., Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989]; *Mighty Midgets, Inc. v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]). However, an insured who is "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action (*Mighty Midgets*, 47 NY2d at 21). The reasoning behind *Mighty Midgets* is that an insurer's duty to defend an insured extends to the

---

\* In their briefs and at oral argument before this Court, counsel had differing views as to what the "special circumstances" were.

defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action.

In the instant case, it is undisputed that Shelby, a named insured under the policy, was cast in a defensive posture by U.S. Underwriters in their dispute over whether the insurer had a duty to defend and indemnify Shelby in the underlying personal injury action. Further, it is undisputed that Shelby successfully defended against the insurer's summary judgment motion and thereby prevailed in the matter.

Based on *Mighty Midgets*, Shelby is entitled to recover attorneys' fees. We hold that under *Mighty Midgets*, an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured. Given that the expenses incurred by Shelby in defending against the declaratory judgment action arose as a direct consequence of U.S. Underwriters' unsuccessful attempt to free itself of its policy obligations, Shelby is entitled to recover those expenses from the insurer. In other words, Shelby's recovery of attorneys' fees is incidental to the insurer's contractual duty to defend.

Accordingly, certified question No. 1 should be answered in the affirmative and certified question No. 2 not answered.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.17 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question No. 1 answered in the affirmative and certified question No. 2 not answered.