**24**

## U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff–Appellant–Cross–Appellee,

v.

## CITY CLUB HOTEL, LLC, Shelby Realty, LLC, Forthright Development, LLC, Metropolitan Hotels, LLC, Stephen Brighenti and Jonathan P. Zambetti, Defendants–Appellees–Cross–Appellants,

and

## Marek Szpakowski and Agnes Szpakowski, Defendants–Appellees.

Docket Nos. 03–7533(L), 03–7543(XAP).

United States Court of Appeals, Second Circuit.

Argued: Jan. 28, 2004.

Decided: Jan. 7, 2005.

Steven Verveniotis, Miranda & Sokoloff, LLP (Jason B. Gurdus, on the brief), Mineola NY, for Plaintiff–Appellant–Cross–Appellee.

Mark J. Bunim, Bryan Cave LLP (Alan Garten, of counsel), New York NY, for Defendants–Appellees–Cross–Appellants.

Gail S. Kelner, Kelner & Kelner, New York NY, for Defendants–Appellees (on submission).

Before: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.

PER CURIAM.

In our prior opinion in this case, familiarity with the facts of which is assumed, we affirmed the judgment of the District Court in part, and certified that portion of the District Court opinion that pertained to attorneys' fees. *See United States Underwriters Ins. Co. v. City Club Hotel,* 369 F.3d 102 (2d Cir.2004). Specifically, on April 23, 2004, we certified the following questions to the New York Court of Appeals:

1. Whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action?

2. Whether, in the special circumstances of this case, attorneys' fees should be awarded to one or more of the defendants?

*Id.* at 113.

The New York Court of Appeals answered question one in the affirmative. *See U.S. Underwriters Ins. Co. v. City Club Hotel,* No. 173, 2004 N.Y. Slip. Op. 09321, 822 N.E.2d 777, 3 N.Y.3d 592, 789 N.Y.S.2d 470, 2004 WL 2902402 (N.Y. Dec. 16, 2004). It declined to answer question two. *Id.* Under the circumstances, we deem it appropriate to VACATE that part of the decision of the District Court that pertains to attorneys' fees, and REMAND the case to that court for further consider-

ation in the light of the decision of the New York Court of Appeals.