395 F.3d 24
 U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff-Appellant-Cross-Appellee,
v.
CITY CLUB HOTEL, LLC, Shelby Realty, LLC, Forthright Development, LLC, Metropolitan Hotels, LLC, Stephen Brighenti and Jonathan P. Zambetti, Defendants-Appellees-Cross-Appellants, and
Marek Szpakowski and Agnes Szpakowski, Defendants-Appellees.
 Docket No. 03-7533(L).
 Docket No. 03-7543(XAP).
 United States Court of Appeals, Second Circuit.
 Argued: January 28, 2004.
 Decided: January 7, 2005.
 
 In a case where an insurance company brought a declaratory judgment action seeking to disclaim coverage of the defendants, questions were certified to the New York Court of Appeals. The New York Court of Appeals granted certification and issued an opinion answering one of the certified questions. The district court's judgment is Vacated in part and the case Remanded for further consideration in light of the decision of the New York Court of Appeals.
 Steven Verveniotis, Miranda & Sokoloff, LLP (Jason B. Gurdus, on the brief), Mineola NY, for Plaintiff-Appellant-Cross-Appellee.
 Mark J. Bunim, Bryan Cave LLP (Alan Garten, of counsel), New York NY, for Defendants-Appellees-Cross-Appellants.
 Gail S. Kelner, Kelner & Kelner, New York NY, for Defendants-Appellees (on submission).
 Before: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.
 PER CURIAM.
 
 
 1
 In our prior opinion in this case, familiarity with the facts of which is assumed, we affirmed the judgment of the District Court in part, and certified that portion of the District Court opinion that pertained to attorneys' fees. See United States Underwriters Ins. Co. v. City Club Hotel, 369 F.3d 102 (2d Cir.2004). Specifically, on April 23, 2004, we certified the following questions to the New York Court of Appeals:
 
 
 2
 1. Whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action?
 
 
 3
 2. Whether, in the special circumstances of this case, attorneys' fees should be awarded to one or more of the defendants?
 
 
 4
 Id. at 113.
 
 
 5
 The New York Court of Appeals answered question one in the affirmative. See U.S. Underwriters Ins. Co. v. City Club Hotel, No. 173, 2004 N.Y. Slip. Op. 09321, 2004 WL 2902402 (N.Y. Dec. 16, 2004). It declined to answer question two. Id. Under the circumstances, we deem it appropriate to VACATE that part of the decision of the District Court that pertains to attorneys' fees, and REMAND the case to that court for further consideration in the light of the decision of the New York Court of Appeals.