**ORISKA INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**AMERICAN TEXTILE MAINTENANCE, Apex Bulk Commodities, Apex Bulk Commodities (CA), Braun Linen Service, Inc. (Paramount), Braun Linen Service Inc. (Paramount), Braun Linen Service Inc. (Pomona), C.C.L. Insurance, Certified Tire & Service Centers, Inc., Discount Tire Centers, Evans Dedicated Systems, Inc., GB & L Corporation, Hallmark Meat Packing, Inc., Hartwick & Hand, Inc., Investruck, JB Wholesale Roofing & Building Supplies, Janico Building Maintenance, Inc., M & N Coastline Auto and Tire Service, Master Serv., Inc., McGrath Moving & Storage, Inc., Mike Campbell & Asso-**

ciates, Ltd., Pacific Master Services, Inc., Pacific Security Systems, Inc., Phillip Transport, Inc., Plasticorp, Inc., R.F. White Co., Inc., Ridgeline Construction, Inc., Roto Rooter Plumbers, Scher Tire, Inc., Southwest Trails (AZ), Southwest Trails, TCI Leasing, Inc. (AZ), TCI Leasing, Inc. (CA), TCI Transport Services, Inc. (AZ), TCI Transport Services, Inc. (NV), TCI Transport Services, Inc., Trans Valley Transport, Inc., USA Express, United Syatt American Corporation, University Meat, Inc., and Thomas Zook, Defendants–Appellants.*

No. 08–0811–cv.

United States Court of Appeals,
Second Circuit.

April 13, 2009.

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Leighton R. Burns, Kernan and Kernan, P.C., Utica, NY, for Plaintiff–Appellee.

Matthew J. Kelly, Roemer, Wallens & Mineaux, LLP, Albany, NY, for Defendants–Appellants.

PRESENT: JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges, RICHARD J. SULLIVAN, District Judge.**

## SUMMARY ORDER

Defendants-appellants appeal from a January 15, 2008 order of the District Court denying their motion for an award of attorneys' fees and expenses under Rule 54 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

** The Honorable Richard J. Sullivan, of the United States District Court for the Southern

Plaintiff-appellee Oriska Insurance Company urges the dismissal of the appeal for lack of jurisdiction in light of the pendency of the underlying action in the District Court. Based on the particular facts of this case, we do not agree with Oriska's argument because the appealing defendants are effectively no longer parties to the underlying action, and "orders adjudicating attorney's fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders." *Sutton v. N.Y. City Transit Auth.*, 462 F.3d 157, 160 (2d Cir.2006) (citing *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)); *see also Roberson v. Giuliani*, 346 F.3d 75, 78 (2d Cir.2003).

Turning to the merits of defendants' fee application, we reiterate our determination that "[u]nder New York law, it is 'well settled that an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk.'" *Employers Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir.1996) (quoting *Sukup v. State*, 19 N.Y.2d 519, 522, 281 N.Y.S.2d 28, 227 N.E.2d 842 (1967)). Defendants argue that their application falls under the exception to this rule established by *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979). As we explained in *Key Pharmaceuticals*, "*Mighty Midgets* does no more than carve out a narrow exception ... [that] arises when a policyholder has been cast in a defensive posture by its insurer in a dispute over the insurer's duty to defend." 75 F.3d at 824; *see also U.S. Underwriters Ins. Co. v. City Club Hotel, LLC,* ·3 N.Y.3d 592, 597–98,

District of New York, sitting by designation.

789 N.Y.S.2d 470, 822 N.E.2d 777 (2004) ("The reasoning behind *Mighty Midgets* is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action."). Because the underlying litigation in this case concerns a dispute over whether coverage existed—and not an insurer's duty to defend an insured—the holding of *Mighty Midgets* does not permit defendants-appellants to recover their attorneys' fees.

Accordingly, we AFFIRM the judgment of the District Court.