GENERAL STAR NATIONAL INSURANCE COMPANY, Appellant, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., Respondent. [918 NYS2d 923]—

Memorandum: Plaintiff appeals from a judgment that denied its motion for summary judgment seeking to recover the amount of $350,000 plus statutory interest, the sum advanced by plaintiff to settle a claim against defendant. In addition, Supreme Court granted defendant's cross motion seeking a declaration that plaintiff is obligated to indemnify defendant, as well as the attorney's fees and costs incurred in defending this action. We reverse. We agree with plaintiff that it was not required to provide timely disclaimer of coverage under Insur-

ance Law § 3420 (d) inasmuch as its disclaimer was based on the fact that the underlying claim fell outside the scope of the policy's coverage, and was not based on a policy exclusion (*see generally Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-189 [2000]). The policy at issue covered defendant, as a subsidiary of Niagara Frontier Transportation Authority (NFTA), for damages due to bodily injuries arising out of "the performance of [NFTA's] law enforcement duties," and here the underlying claim did not arise out of the performance of such duties. We further agree with plaintiff that it was not estopped from disclaiming coverage based on its timely reservation of the "right to claim that the policy does not cover the situation at issue, while defending the action" (*O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355 [1957]). Finally, inasmuch as defendant was not entitled to summary judgment in its favor on the merits, defendant was also not entitled to attorney's fees and costs incurred in defending this action (*see generally U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004]). Present—Scudder, P.J., Fahey, Carni, Green and Gorski, JJ.