# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**252**
**CA 10-01675**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

GENERAL STAR NATIONAL INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.,
DEFENDANT-RESPONDENT.

---

GALBO & ASSOCIATES, BUFFALO (LEO C. KELLETT OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (SHARON ANGELINO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John A. Michalek, J.), entered December 18, 2009.  The
judgment denied the motion of plaintiff for summary judgment, granted
the cross motion of defendant, declared that plaintiff is obligated to
provide indemnity coverage to defendant, and awarded defendant
attorney's fees and costs.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, defendant's cross
motion is denied, the declaration is vacated, and plaintiff's motion
is granted.

Memorandum:  Plaintiff appeals from a judgment that denied its
motion for summary judgment seeking to recover the amount of $350,000
plus statutory interest, the sum advanced by plaintiff to settle a
claim against defendant.  In addition, Supreme Court granted
defendant's cross motion seeking a declaration that plaintiff is
obligated to indemnify defendant, as well as the attorney's fees and
costs incurred in defending this action.  We reverse.  We agree with
plaintiff that it was not required to provide timely disclaimer of
coverage under Insurance Law § 3420 (d) inasmuch as its disclaimer was
based on the fact that the underlying claim fell outside the scope of
the policy's coverage, and was not based on a policy exclusion (*see
generally Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185,
188-189).  The policy at issue covered defendant, as a subsidiary of
Niagara Frontier Transportation Authority (NFTA), for damages due to
bodily injuries arising out of "the performance of [NFTA's] law
enforcement duties," and here the underlying claim did not arise out
of the performance of such duties.  We further agree with plaintiff
that it was not estopped from disclaiming coverage based on its timely

reservation of the "right to claim that the policy does not cover the situation at issue, while defending the action" (*O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355).  Finally, inasmuch as defendant was not entitled to summary judgment in its favor on the merits, defendant was also not entitled to attorney's fees and costs incurred in defending this action (*see generally U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court