■ MERCHANTS MUTUAL INSURANCE COMPANY, Plaintiff, v RUTGERS CASUALTY INSURANCE Co., Appellant, and TANACHION ELECTRICAL CONTRACTING, INC., Respondent. [922 NYS2d 200]—

In an action, inter alia, for a judgment declaring that the defendant Rutgers Casualty Insurance Co. is obligated to defend and indemnify the defendant Tanachion Electrical Contracting, Inc., as a third-party defendant in an underlying personal injury action entitled *Andrade v American Parkinson Disease Assoc., Inc.*, commenced in the Supreme Court, Richmond County, under index No. 103640/05, the defendant Rutgers Casualty Insurance Co. appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Minardo, J.), dated March 11, 2010, as granted that branch of the motion of the defendant Tanachion Electrical Contracting, Inc., which was for summary judgment declaring that it is obligated to defend and indemnify the defendant Tanachion Electrical Contracting, Inc., as a third-party defendant in the underlying action, denied its cross motion for summary judgment declaring that it was not so obligated, and declared that the defendant Rutgers Casualty Insurance Co. is obligated to defend and indemnify the defendant Tanachion Electrical Contracting, Inc., as a third-party defendant in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The insured, Tanachion Electrical Contracting, Inc. (hereinafter Tanachion), an electrical subcontractor, established, prima facie, that the insurer, Rutgers Casualty Insurance Co. (hereinafter Rutgers Casualty), was obligated to defend and indemnify Tanachion in an underlying personal injury action, pursuant to the terms of a commercial general liability insurance contract. By submitting, inter alia, the summons and complaint in the underlying action, which did not contain any facts to suggest Tanachion might be held liable for the injuries sustained by Alan Andrade, the plaintiff in the underlying action, and the affidavit of Tanachion's vice-president, Fred Tanachion, who

averred that Tanachion was not aware of any potential liability for Andrade's alleged injuries until March 2007, Tanachion demonstrated that it had a good faith belief in nonliability which was reasonable under the circumstances and, therefore, excused its delay in notifying Rutgers Casualty of the underlying accident (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 802 [1982]). In response, Rutgers Casualty failed to raise a triable issue of fact as to whether Tanachion failed to notify it as soon as was practicable (*see Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799 [1982]).

Rutgers Casualty also failed to raise a triable issue of fact as to whether the policy's "Exclusion of Injury to Employees, Contractors and Employees of Contractors" (hereinafter the exclusion) excluded coverage for Andrade's accident, which occurred at a work site in the course of Andrade's employment for a glazing subcontractor. The phrase contained in the exclusion—"for which any insured may become liable in any capacity"—may reasonably be interpreted to refer to either the "bodily injury" Andrade allegedly sustained, as urged by Rutgers Casualty, or the services Andrade was rendering at the time of the accident, as maintained by Tanachion. Thus, insofar as the exclusionary language is applied to one subcontractor's potential liability for injuries sustained by an employee of another subcontractor working independently at the same job site (*cf. United States Underwriters Ins. Co. v Affordable Hous. Found., Inc.*, 256 F Supp 2d 176 [2003], *affd* 88 Fed Appx 441 [2d Cir 2004]), it is not susceptible of only one meaning and, therefore, the exclusion is ambiguous as a matter of law (*see Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699 [2004]). As such, the disputed exclusionary clause must be construed against the insurer, Rutgers Casualty (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]).

The parties' remaining contentions are without merit.

Accordingly, that branch of Tanachion's motion which was for summary judgment was properly granted, Rutgers Casualty's cross motion for summary judgment was properly denied, and the Supreme Court properly declared that Rutgers Casualty is obligated to defend and indemnify Tanachion as a third-party defendant in the underlying action. Dillon, J.P., Florio, Chambers and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30506(U).]**