■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendants. [1 NYS3d 29]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about June 4, 2014, which granted defendant The Port Authority of New York and New Jersey's (defendant) motion for attorneys' fees, unanimously affirmed, without costs.

"[A]n insured who is cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004] [internal quotation marks omitted]). Here, the motion court correctly determined that defendant is entitled to the legal fees incurred in connection with its prior successful motion for summary judgment on its counterclaim for declaratory relief. Defendant's counterclaim is a mirror image of the declaratory claim asserted against it by plaintiff, its insurer. Accordingly, the counterclaim did not cast plaintiff in a defensive posture (*compare West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co.*, 250 AD2d 109, 114 [1st Dept 1998] [successful insureds in a declaratory judgment action were not entitled to attorneys' fees and costs since the insurer's counterclaim was "redundant and mere surplusage" and did not "cast (the insureds) in a defensive posture"]). Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL TULL, Appellant. [998 NYS2d 129]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Renee A. White, J.), rendered on or about January 29, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.