■ FIDUCIARY INSURANCE COMPANY OF AMERICA, Respondent, v MEDICAL DIAGNOSTIC SERVICES, P.C., et al., Defendants, and STAR OF N.Y. CHIROPRACTIC DIAGNOSTIC, P.C., Appellant. [56 NYS3d 20]—

Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered January 6, 2017, which denied defendant Star of N.Y. Chiropractic Diagnostic, P.C.'s (Star) motion for attorneys fees against plaintiff, unanimously affirmed, with costs.

"It is well settled in New York that a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *see also Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 205 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]). While an insured party may recover attorneys' fees where it successfully defends against its insurer's action seeking a declaratory judgment that it has no duty to defend or indemnify its insured (*see Underwriters Ins. Co.*, 3 NY3d at 597; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]), "[t]he reasoning behind [the award of such attorneys' fees] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action" (*Underwriters Ins. Co.*, 3 NY3d at 597-598). Here, plaintiff owes defendant

Star no duty to defend, as Star is merely seeking reimbursement for chiropractic services rendered to the claimant in this no-fault action. While Star was assigned the claimant's rights for such reimbursement, the claimant was merely the injured party in the taxi at the time of the accident, and plaintiff owed no duty to defend the claimant. Star, as assignee of the claimant's rights, could acquire no greater rights than its assignor (*see New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 592 [2011]), and did not acquire any right to a defense from plaintiff. Thus, the court properly held that Star was not entitled to attorneys' fees in this case.

We have examined Star's remaining arguments, including its public policy argument, and find them to be unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.