■ HERTZ VEHICLES, LLC, Respondent, v DARIEL CEPEDA et al., Defendants, and INNOVATIVE HEALTH CHIROPRACTIC, P.C., Appellant. [64 NYS3d 529]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about March 8, 2017, which, to the extent appealed from, denied defendant Innovative Health Chiropractic, P.C.'s request for attorneys' fees, unanimously affirmed.

Defendant Innovative argues that, as the assignee of the rights of the no-fault claimants in the underlying automobile accident to whom it provided medical treatment, it successfully defended itself in this declaratory judgment action and thus should recover attorneys' fees just as an insured may recover attorneys' fees upon successfully defending itself against an action brought by its insurer for a judgment declaring that the insurer had no duty to defend or indemnify it (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597-598 [2004], citing *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]). This argument is unavailing.

The insured in the circumstances described above may recover attorneys' fees because "an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action" (*U.S. Underwriters*, 3 NY3d at 597-598).

There is no such duty in this case, as Innovative is not an insured to which Hertz owes a duty to defend. Although Innovative was assigned the claimants' rights for reimbursement of no-fault benefits, the claimants were only passengers in the insured vehicle at the time of the accident, and were not parties to whom Hertz owed a duty to defend (*Fiduciary Ins. Co. of Am. v Medical Diagnostic Servs., P.C.*, 150 AD3d 498 [1st Dept 2017], citing *U.S. Underwriters*, 3 NY3d at 597-598). Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.