*U.S. Liability Insurance Co. v. WW Trading Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
     GERARD E. LYNCH,
     RICHARD J. SULLIVAN,
      *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES LIABILITY INSURANCE COMPANY,

    *Plaintiff-Counter-Defendant-Appellant,*

  v.              No. 19-2661-cv

WW TRADING CO., INC.,

    *Defendant-Counter-Claimant-Appellee,*

W&T SEAFOOD CORP., WONG TUNG, LLC,

    *Defendants-Appellees,*

YOUYONG LIN,

*Defendant.*[*]

---------------------------------------------------------------------

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

STEVEN VERVENIOTIS, Miranda, Slone Sklarin Verveniotis LLP, Mineola, NY.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE:

Tom M. Fini, Catafago Fini LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:

ALAN C. EAGLE, Rivkin Radler LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant United States Liability Insurance Co. ("USLI") brought suit against Defendant-Counter-Claimant-Appellee WW Trading Co., Inc. ("WW Trading"), Defendants-Appellees W&T Seafood Corp. ("W&T Seafood") and Wong Tung, LLC ("Wong Tung") (all appellees collectively,

---

[*] The Clerk of Court is respectfully requested to amend the caption as set forth above.

2

the "WW Trading Appellees"), and Defendant Youyong Lin, seeking a declaratory judgment that the insurance policy it issued to WW Trading was rescinded or that it was not obligated to defend or indemnify WW Trading in connection with Youyong Lin's New York state lawsuit (the "Underlying Action") for an injury he sustained in a building where WW Trading operates. The district court (Amon, *J.*) denied USLI's request for a declaration that it had no duty to indemnify WW Trading, determining on summary judgment that USLI's rescission claim failed, that the insurance policy's "Employee Exclusion" did not bar coverage for the Underlying Action claims, and that WW Trading was entitled to attorneys' fees arising from this case; after a bench trial, the district court also concluded that the insurance policy's "Construction Operations Exclusion" did not bar coverage for the incident.

USLI appeals, contending that it was entitled to rescind the policy based on WW Trading's misrepresentations, that both the Employee Exclusion and the Construction Operations Exclusion bar coverage for the Underlying Action claims, and that the district court erred in granting attorneys' fees to WW Trading. Because USLI identifies no error in the district court's judgment, we affirm. We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal, to which we refer only as necessary to explain our decision.

## I. USLI Failed to Promptly Assert Its Rescission Claim

The district court properly granted summary judgment to the WW Trading Appellees on USLI's rescission claim because USLI unreasonably delayed its request for rescission.

"We review a district court's granting of summary judgment *de novo*." *Ballow Brasted O'Brien & Rusin P.C. v. Logan*, 435 F.3d 235, 238 (2d Cir. 2006). "Under New York law, an insurer may rescind an insurance policy if it was issued in reliance on material misrepresentations." *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008) (footnote omitted). Nevertheless, a party seeking rescission must act promptly upon learning of the grounds for rescission, *Ballow Brasted*, 435 F.3d at 239–40, and must announce its rescission claim "without unreasonable delay," *Schenck v. State Line Tel. Co.*, 238 N.Y. 308, 313 (1924). Promptness is a "fairly stringent requirement" that the party seeking rescission has the burden of proving, *Ballow Brasted*, 435 F.3d at 239 (internal quotation marks omitted), and we must determine the reasonableness of any delay by considering the specific "facts of th[e] case," *id.* at 240. Actual or constructive knowledge of the grounds for rescission places an insurer on notice

4

to promptly seek rescission. *See, e.g.*, *Luria Bros. & Co. v. All. Assurance Co.*, 780 F.2d 1082, 1091 (2d Cir. 1986). Constructive knowledge exists where "the circumstances were . . . adequate to put [a party] on notice" of a material misrepresentation. *Id.*

USLI clearly had constructive knowledge of WW Trading's potential misrepresentations – that WW Trading did not use forklifts and did not engage in operations involving the warehousing of goods of others – no later than November 7, 2014, the day on which it sent WW Trading a nonrenewal notice accusing WW Trading of violating the exact provisions of the insurance application that form the basis for USLI's rescission claim. Yet it did not notify the WW Trading Appellees about the rescission claim until April 12, 2017. Knowledge of the fact that WW Trading was operating forklifts in a warehouse less than a year after the insurance policy was issued "would impel a reasonable [insurer] in [USLI's] position to make inquiry" into whether WW Trading had been taking those actions all along. *See Johns Hopkins Univ. v. Hutton*, 488 F.2d 912, 917 (4th Cir. 1973) (internal quotation marks omitted). But USLI failed to do so until discovery in this case. Thus, USLI's two-and-a-half-year delay between when it first acquired constructive knowledge of WW Trading's potential misrepresentations and when USLI asserted its

5

rescission claim was unreasonable as a matter of law. *See, e.g., 88 Blue Corp. v. Reiss Plaza Assocs.*, 585 N.Y.S.2d 14, 16–17 (1st Dep't 1992) (finding an eleven-month delay unreasonable).

## II. The Employee Exclusion and Construction Operations Exclusion Do Not Bar Coverage for Youyong Lin's Claims

USLI next maintains that the district court "failed to give effect to the plain meaning of the two policy exclusions[,] which clearly manifested the intent to remove the claims asserted in the [Underlying Action] from coverage under the policy." USLI's Br. at 38. USLI contends that the Employee Exclusion does not apply "only to contractors and employees of contractors hired by the insured," *id.* at 54 (emphasis omitted), but instead applies to "injured contractors who are performing services for which the insured . . . 'may become liable in any capacity,'" *id.* at 56. USLI further asserts that the rust scraping and painting that Youyong Lin performed fell within the scope of the Construction Operations Exclusion. We disagree with both contentions.

"Because interpretation of an insurance agreement is a question of law, we review the district court's construction of [an insurance] [p]olicy de novo." *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012). "On appeal from a bench trial, the district court's findings of fact are reviewed for clear error

6

and its conclusions of law are reviewed *de novo*." *Beck Chevrolet Co. v. Gen. Motors LLC*, 787 F.3d 663, 672 (2d Cir. 2015) (internal quotation marks omitted).

"[T]here can be no duty to indemnify unless there is first a covered loss." *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 423 (1985). The burden of proof "will rest with the insurer to demonstrate that the loss compromised by the insured was not within policy coverage," *id.* at 425, and it is a "heavy" burden, *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks omitted).

"In determining a dispute over insurance coverage, [New York state courts] first look to the language of the policy." *Selective Ins. Co. of Am. v. County of Rensselaer*, 26 N.Y.3d 649, 655 (2016) (internal quotation marks omitted). The first question is whether the insurance policy is ambiguous, which is a matter of law for the court to decide. *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465–66 (2d Cir. 2010). Insurance coverage exclusions are subject to a "strict and narrow construction." *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 (1984). If "there is a reasonable basis for a difference of opinion as to the meaning" of the relevant insurance provision, then it is ambiguous, and we must construe it "in favor of the insured." *Selective Ins.*, 26 N.Y.3d at 655–56 (internal

7

quotation marks omitted). When interpreting an insurance policy, New York courts look to "common speech and the reasonable expectation and purpose of the ordinary" insured. *Ace Wire & Cable Co. v. Aetna Cas. & Sur. Co.*, 60 N.Y.2d 390, 398 (1983) (internal citation omitted).

## A. The Employee Exclusion Does Not Bar Coverage

Reduced to only its relevant language, the Employee Exclusion bars from coverage "[b]odily injury to any . . . employee . . . of any contractor . . . arising out of . . . performing services of any kind . . . whatsoever by such . . . employee . . . of such contractor . . . for which any insured may become liable in any capacity." J. App'x at 678 (internal quotation marks omitted).

USLI asserts that this exclusion applies to injuries of an employee of "any contractor," not just a contractor in privity with the insured. USLI's Br. at 45–48. But New York's Appellate Division has rejected this argument, determining that an exclusion substantively identical to the Employee Exclusion does not apply to bodily injury sustained by an employee of a different party's contractor because the phrase "for which any insured may become liable" may "reasonably be interpreted" to refer to either the "services [the injured party] was rendering at the time of the accident" or to the "bodily injury [the injured party] allegedly

8

sustained." *Merchants Mut. Ins. Co. v. Rutgers Cas. Ins. Co.*, 922 N.Y.S.2d 200, 202 (2d Dep't 2011) (internal quotation marks omitted). Because the exclusion was "not susceptible of only one meaning" and therefore was "ambiguous as a matter of law" it had to be "construed against the insurer." *Id.* Consequently, the Employee Exclusion applies to bodily injuries sustained by only contractors who are in privity with the insured.

USLI resists this conclusion, relying on cases that examined "similar exclusions" and found them to be "unambiguous." USLI's Br. at 45. However, the cases cited by USLI are inapposite because they involved different exclusions, *see, e.g., Essex Ins. Co. v. Mondone*, 965 N.Y.S.2d 616, 618 (2d Dep't 2013) (interpreting provision that excluded "damages . . . arising out of, caused or contributed to by . . . any injury sustained by any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same" (alterations in original)), or applied the exclusion in situations where the injured party was an employee of a contractor hired by the insured or performing services on the insured's behalf, *see, e.g., U.S. Underwriters Ins. Co. v. Beckford*, No. 93-cv-4272 (FB), 1998 WL 23754, at *1, *3 (E.D.N.Y. Jan. 20, 1998).

As the district court concluded, Youyong Lin was not a contractor of WW Trading, and the evidence overwhelmingly supports the conclusion that Sheng Qiang Lin and Youyong Lin were hired by and responsible to W&T Seafood, not WW Trading. Consequently, since Youyong Lin was not in privity with WW Trading, Youyong Lin's injuries do not fall within the Employee Exclusion.

B. The Construction Operations Exclusion Does Not Bar Coverage

USLI next asserts that the Construction Operations Exclusion bars coverage for the Underlying Action because Youyong Lin's rust scraping and painting were part of a larger project that also included the installation of sheetrock and insulation, and thus constituted "construction" under the policy; alternatively, USLI argues that rust scraping and painting qualify as "renovation."

First, the district court's finding – that the rust scraping and painting were separate from the sheetrock insulation installation project, and thus were not "construction" within the exclusion's scope – was based on a reasonable interpretation of the evidence presented at trial, which demonstrated that the rust scraping and painting took place in a different area from the sheetrock insulation work, was done for a different purpose, and occurred at a different time. Second, the district court properly determined that the rust scraping and painting did not

10

constitute excluded "renovations." Although the term renovation is not defined in the insurance policy, its meaning must be considered in relation to the other words with which it is grouped. *See Harris v. Allstate Ins. Co.*, 309 N.Y. 72, 76 (1955). "Renovation" is grouped together with "construction," "construction services," and "site preparations" in the Construction Operations Exclusion. Consequently, the district court reasonably determined that "renovation" did not encompass mere rust scraping and painting because it referred to "more structural changes." Special App'x at 46.

III. The District Court Properly Awarded Attorneys' Fees to WW Trading

Finally, USLI contests the district court's granting of attorneys' fees to WW Trading. "[A]n insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action," so long as the insured "prevails on the merits." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597–98 (2004). Consequently, "an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." *Id.* at 598.

11

Here, USLI filed this action against WW Trading, placing WW Trading in a defensive posture with respect to USLI's attempts to free itself of its policy obligations. *See id.* at 597. WW Trading prevailed on its contention that USLI owed a duty to defend in the Underlying Action. Accordingly, under New York law, WW Trading is entitled to its attorneys' fees and expenses incurred in this declaratory judgment action.

\*       \*       \*

We have considered USLI's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12